UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
4-20-15
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

SHANNON SIERRA
f/k/a SHANNON LEE
SALAS,

    Plaintiff,

vs.

WHETSTONE PARTNERS, LLC,
d/b/a ETITLELOAN,

    Defendant.
_____/

CASE NO. 3:15-cv-490-J-39MCR

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, SHANNON SIERRA f/k/a SHANNON LEE SALAS ("Plaintiff"), files this lawsuit against Defendant, WHETSTONE PARTNERS, LLC, d/b/a ETITLELOAN ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*, and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

### PARTIES

2. Plaintiff is an individual residing in Duval County, Florida. Plaintiff is the "called party" Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

3. The Defendant is a Florida entity with its principal place of business located in Miami, Florida. The Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims. This Court should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

6. In or about June, 2013, Plaintiff procured a loan with the Defendant, using her automobile as collateral for the loan (hereinafter "Subject Debt"). A copy of the contract relating to the Subject Debt is attached to this Complaint as **Exhibit A**.

7. The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

8. Until approximately January, 2014, Plaintiff made timely payments on the Subject Debt. During this timeframe, Plaintiff's automobile broke down and Plaintiff informed Defendant of the difficulties she would have in making future payments towards the Subject Debt. Thus, Plaintiff requested the Defendant to take her automobile, however, the Defendant stated that it would cost Plaintiff an excessive amount for this to occur.

9. Soon thereafter, the Defendant began a campaign of harassing and abusive efforts in an attempt to collect the Subject Debt owed by Plaintiff.

10. As part of its efforts to collect the Subject Debt, the Defendant began a campaign of calling Plaintiff's cellular telephone number, i.e., (904-982-3439). The Defendant's calls were made frequently and often multiple times per day.

11. Plaintiff requested the Defendant numerous times to stop calling her cellular telephone. On one occasion, after Plaintiff had requested the Defendant to stop calling, the Defendant responded by stating "pay your damn bills" (or something similar to that effect).

12. Additionally, the Defendant has called and spoken with Plaintiff's mother numerous times on the mother's cellular telephone without Plaintiff's consent. Plaintiff's mother requested the Defendant to stop calling her, but the Defendant refused Plaintiff's mother's requests and continued calling and leaving harassing voice messages.

13. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

14. The Defendant continued calling Plaintiff on a frequent basis. Ultimately, the frequency of the Defendant's harassing calls caused Plaintiff to send a cease and desist letter to the Defendant. Plaintiff's foregoing letter demanded that the Defendant stop calling her cellular telephone and her family members. A copy of the foregoing letter and a certified return receipt are attached to this Complaint as **Exhibit B**.

15. The contract entered into between Plaintiff and the Defendant provides:

> **Auto-Dialed Calls and Calls with Prerecorded Messages.** I would like to receive auto-dialed calls and telephone calls with prerecorded messages from WHETSONE PARTNERS, LLC, its agents, and

> affiliates that provide reminders, notices, and special sales offers at this telephone number:

The foregoing provision contains a check box with a "Yes" or a "No" next to it. Plaintiff specifically checked the "No" option, thereby declining to provide consent for the Defendant to make auto-dialed calls and calls with prerecorded messages. Despite this, the Defendant routinely used an automatic telephone dialing system to call Plaintiff on her cellular phone and/or leave prerecorded messages on Plaintiff's cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling her cellular telephone.

16. The Defendant made approximately three-hundred (300) calls to Plaintiff's cellular phone, or as will be established after a thorough review of Defendant's records. Below is a non-exclusive sampling of recent calls:

  a. 18885281346 (missed call) Wed, Feb 11, 2015 at 1:24 PM

  b. 17864370042 (missed call) Tue, Feb 17, 2015 at 11:49 AM

  c. 17864370042 (missed call) Tue, Feb 17, 2015 at 11:49 AM

  d. 17864370042 (missed call) Fri, Feb 20, 2015 at 4:37 PM

  e. 17864370042 (missed call) Tue, Feb 24, 2015 at 9:31 AM

  f. 17864370042 (missed call) Wed, Feb 25, 2015 at 2:23 PM

  g. 18885281346 (missed call) Thu, Mar 5, 2015 at 5:38 PM

  h. 18885281346 (missed call) Thu, Mar 5, 2015 at 4:57 PM

  i. 17864370042 (missed call) Mon, Mar 9, 2015 at 9:17 AM

  j. 18885281346 (missed call) Fri, Mar 27, 2015 at 9:45 AM

17. The Defendant's willful conduct has caused Plaintiff distress, anxiety, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.55 *et seq.*

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

19. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla. Stat. 559.72(8): Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

20. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each violation of the FCCPA, plus actual damages and her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT II
## VIOLATIONS OF THE TCPA, U.S.C. § 227 *et seq.*

21. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

22. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

23. The Defendant placed non-emergency telephone calls to Plaintiff's cellular

telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

25. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

26. Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

>*/s/ Jon Dubbeld*
>Paul R. Fowkes, Esq.
>Fla. Bar No. 723886
>Ryan C. Hasanbasic, Esq.
>Fla. Bar No. 044119
>Jon Dubbeld, Esq.
>Fla. Bar No. 105869
>Disparti Law Group, P.A.
>2154 Duck Slough Blvd. Suite 101

Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiff*